No. 2523.--Paul O. Hebert, Tutor, et al. *v.* Independence G. Winn et al.

In the matter of the probating of a will, the parish court has exclusive original jurisdiction, without reference to the amount involved. Constitution of 1868, article 88.

APPEAL from the Parish Court, Parish of Iberville. *Moore,* Parish Judge. *Semmes & Mott* and *Robertson & Mathews,* for plaintiffs and appellants. *Barrow & Pope* and *R. N. Sims,* for defendants and appellees.

LUDELING, C. J.   The plaintiffs sue to annul the will of George C. Vaughan, and the proceedings had, in the district court of Iberville, (acting as a court of probates, before the adoption of the constitution of 1868), recognizing the validity of said will and tending to enforce it.

The defendants, legatees under the will, appeared, and excepted to the jurisdiction of the court, on the ground that the parish court was without jurisdiction, because the amount involved exceeded five hundred dollars.

It is admitted that the succession of George C. Vaughan exceeds five hundred dollars in value.

The question to be decided is, whether the parish court has jurisdiction in a case involving the validity of a will and the probate thereof, when the succession exceeds five hundred dollars ?

Article 88 of the constitution declares : " In *probate matters*, when the amount in dispute shall exceed five hundred dollars, exclusive of interest, the appeal shall be directly from the *parish* to the Supreme Court." It is certain, then, that in "*probate matters*," the parish court may have jurisdiction in suits involving more than five hundred dollars ; for, in such cases, by article 88, *an appeal* is authorized to be taken directly from the *parish* to the Supreme Court.

This view is supported by the expressions in article 87 of the constitution, " they shall have exclusive original jurisdiction in ordinary suits, when the amount exceeds one hundred dollars, and does not exceed five hundred dollars ; and also by the declaration, in the same article, that " All successions" (without regard to the amounts thereof) "shall be opened and settled in the parish courts."

A suit to set aside an order probating a will, and to have the will declared invalid, comes clearly within the terms, "*probate matters*," used in article 88 of the constitution.   And the words in article 87, "all suits in which a succession is either plaintiff or defendant, may be brought either in the parish or district court, according to the amount involved," would seem to refer to actions for *money* or *property*, where the succession *asserts* or *resists* the claims, and not to suits relating to matters purely probate in their nature.   See Joseph T. Swan *v*. Ann L. Gayle, admx. 21 An. 478 ; Rogers *v*. C. H. Morrison, executor, et al., 21 An. 455 ; Succession of Bartlett, 21 An. 531.

It is therefore ordered and adjudged that the judgment of the court *a qua* be reversed ; that the exception be overruled, and that the case be remanded to the parish court to be proceeded with according to law.   It is further ordered that the appellees pay the costs of this appeal.